## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| JAMES C MOONEY,<br>　　　　　　Plaintiff, | : | |
| | : | |
| | : | |
| 　　v. | : | Civil No.: 5:25-cv-03598-JMG |
| | : | |
| AINSWORTH, INC. *et al.*,<br>　　　　　　Defendants. | : | |
| | : | |

### MEMORANDUM OPINION

**GALLAGHER, J.**                                                          **April 7, 2026**

### I.     OVERVIEW

More than four months after the Court's deadline to file motions to amend the Complaint and to join or add additional parties, Defendants Ainsworth Inc. ("Ainsworth") and GDI Integrated Facility Services, Inc. ("GDI") move for leave to amend their Answer and bring counterclaims for "breach of representation and warranty" and "contractual indemnification." *See* Defs.' Mot. for Leave to File Am. Answer and Countercl. to Pl.'s Compl. ("Mot. for Leave"), at Ex. A (ECF No. 29). Ainsworth and GDI (collectively, "Defendants") also seek to join as "Counterclaim Defendants" James P. Elash ("Elash"), Jeffrey Winterborne ("Winterborne"), Michael O. McHenry ("McHenry"), and Daniel Maurer ("Maurer"). *See id.* ¶¶ 10-15. Plaintiff James C. Mooney ("Plaintiff") opposes, arguing that Defendants failed to address, let alone establish, good cause to amend the Scheduling Order. *See* Mem. of L. in Opp'n to Defs.' Mot. for Leave to File Am. Answer and Countercl. ("Pl.'s Opp'n"), at 7-8 (ECF No. 31). Plaintiff further argues that leave should be denied under Federal Rule of Civil Procedure 15(a)(2). *See id.* at 8-15.

For the reasons set forth below, Defendants' Motion is **GRANTED in part**. Defendants may amend their Answer and bring their indemnification claims. However, they may not bring the

breach of representation and warranty claim, nor join Elash, Winterborne, McHenry, and Maurer as Counterclaim Defendants.

## II.    BACKGROUND

This contentious litigation arises from Defendants' alleged failure to pay Plaintiff pursuant to the terms of the Membership Interest Purchase Agreement ("Agreement"). Under the Agreement, Ainsworth agreed to purchase Enginuity LLC ("Enginuity"), and Enginuity's members, including Plaintiff, would receive up to $6,650,000 in three separate payments. *See* Compl. ¶¶ 16-22, 27. GDI guaranteed Ainsworth's payment obligation. *See id.* at 2. Plaintiff alleges, as the "Representative" of Enginuity's former members, that Ainsworth wrongfully denied the last two payments, totaling $4,400,000.00. *See id.*

Plaintiff brings breach of contract claims against both parties. *See generally id.* Defendants filed an Answer and Affirmative Defenses. *See generally* Answer with Affirmative Defenses (ECF No. 9). The Court entered the Scheduling Order on October 14, 2025, setting the deadline to amend the Complaint and to join or add additional parties as October 24, 2025. *See* Scheduling Order (ECF No. 18). With less than two months of discovery remaining, Defendants filed a Motion for Leave to File Amended Answer and Counterclaim, seeking to bring claims for "breach of representation and warranty" and "contractual indemnification" that stem from a tax credit issue. *See generally* Mot. for Leave. They also seek to join Elash, Winterborne, McHenry, and Maurer, members of Enginuity, as Counterclaim Defendants. *See id.*, at Ex. A ¶¶ 10-15. Plaintiff opposes this request, arguing that Defendants did not show good cause and that it should be denied under Rule 15(a)(2). *See* Pl.'s Opp'n, at 7-15.

The Court scheduled a telephonic status conference with Plaintiff and Defendants (collectively, the "Parties") on March 24, 2026, where they discussed this Motion and a discovery

dispute. *See* Notice of Status Conference (ECF No. 33). After the conference, the Court reminded the Parties that they had "until Friday, March 27, 2026 to provide supplemental briefing on the Defendants' Motion for Leave to File Amended Answer and Counterclaim to Plaintiff's Complaint. The Court is particularly interested in whether the statute of limitations has run as to Count I of Defendants' Amended Answer, Affirmative Defenses, and Counterclaims to Plaintiff's Complaint."[1] Defendants filed supplemental briefing. *See generally* Defs.' Suppl. Br. in Supp. of Mot. for Leave to File Am. Answer and Countercl. ("Defs.' Supplemental Br.") (ECF No. 39). Plaintiff did not.

### III.    LEGAL STANDARD

Resolution of Defendants' Motion turns on Federal Rules of Civil Procedure 15(a)(2) and 16(b)(4). "[W]hen a party moves to amend or add a party after the deadline in a district court's scheduling order has passed, the 'good cause' standard of Rule 16(b)(4)" applies. *Premier Comp Sols., LLC v. UPMC*, 970 F.3d 316, 319 (3d Cir. 2020); *see also Shrieves v. Phila. Facilities Mgmt. Corp.*, No. 19-4865, 2020 WL 7240450, at *4 (E.D. Pa. Dec. 8, 2020) (explaining a request to amend pleading after scheduling order's deadline "now implicates the effective administration of justice" (quoting *Price v. Trans Union, LLC*, 737 F. Supp. 2d 276, 279 (E.D. Pa. 2010)). The party seeking leave to amend must meet the "good cause" standard before the Court "considers whether the party also meets Rule 15(a)'s more liberal standard." *Premier Comp Sols., LLC*, 970 F.3d at 319.

The existence of good cause depends, in part, on the moving party's diligence. *See id.* Courts evaluate diligence by "considering all relevant circumstances," such as: "(1) whether the

---

[1] The Court also sought cooperation and an update from the Parties regarding a discovery dispute.

[movant] failed to ascertain facts prior to filing the [pleading] and to acquire information during the discovery period; (2) whether the information supporting the proposed amendment was available to the [movant]; and (3) whether even after acquiring the information the [movant] delayed in seeking the amendment." 3 MOORE'S FED. PRAC. - CIV. § 16.13(1)(a) (2026).

"If the moving party knows or is in possession of the information that forms the basis of the later motion to amend before the deadline has passed, the party is presumptively not diligent." *Shrieves*, 2020 WL 7240450, at *5 (citation modified) (quoting *Price*, 737 F. Supp. 2d at 280). However, this presumption "may be rebutted by a cogent explanation as to why the proposed amendment was not included in the original pleading." *Price*, 737 F. Supp. 2d at 280.

"Once good cause is shown, a court may determine whether justice requires the amendment under Rule 15." *Banks v. City of Phila.*, 309 F.R.D. 287, 293 n.4 (E.D. Pa. 2015). Rule 15(a) allows pleadings to be amended with leave of court and "directs that courts 'should freely give leave when justice so requires.'" *Harris v. Steadman*, 160 F. Supp. 3d 814, 816-17 (E.D. Pa. 2016) (citing FED. R. CIV. P. 15(a)). While this Rule encourages the Court to liberally permit amendments, granting leave is still within the Court's sound discretion. *CMR D.N. Corp. v. City of Phila.*, 703 F.3d 612, 629 (3d Cir. 2013).

In determining whether to grant leave to amend, the Court is guided by the factors set forth in *Foman v. Davis*, 371 U.S. 178 (1962). *Mullin v. Balicki*, 875 F.3d 140, 149 (3d Cir. 2017). "Denial of leave to amend can be based on undue delay, bad faith or dilatory motive on the part of the movant; repeated failure to cure deficiencies by amendments previously allowed; prejudice to the opposing party; and futility." *Id.* (citing *Foman*, 371 U.S at 182). These factors are not exhaustive. *Id.* Additionally, the Court may also "ground its decision, within reason, on consideration of additional equities, such as judicial economy/burden on the court and the

4

prejudice denying leave to amend would cause" to the movant. *See id.* at 149-50 (citing *Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998)). Given Rule 15(a)'s liberal standard, the burden rests with the party opposing amendment to show the existence of these factors. *See White v. Bush*, No. 20-CV-2059, 2021 WL 2255981, at *6 (E.D. Pa. June 3, 2021); *Ogelsby v. Ferguson*, No. 19-CV-5598, 2021 WL 2935987, at *3 (E.D. Pa. July 13, 2021).

## IV.   ANALYSIS

### a.   "Good Cause" Under Rule 16(b)(4)

First, the Court must consider whether Defendants have demonstrated that they had good cause for seeking to amend its pleading after the Scheduling Order's deadline. While Defendants have not established good cause for joining Elash, Winterborne, McHenry, and Maurer, or for failing to bring their breach of representation and warranty claim before the deadline, they have shown good cause for waiting until now to bring its contractual indemnification claim.[2]

### 1.   Joining Elash, Winterborne, McHenry, and Maurer as "Counterclaim Defendants"

Defendants have not established good cause for their delay in joining Elash, Winterborne, McHenry, and Maurer as parties. Not only did Defendants disregard the good cause analysis as to joinder, they declined to address joinder at all. As the party tasked with demonstrating good cause for amending the Scheduling Order—that is, good cause for their delay in joining these individuals—the very least the Court expected of Defendants was to address joinder. It is not the

---

[2] Defendants failed to address the good cause standard in either of its briefs. The Court would be well within its discretion to find that Defendants waived their Rule 16(b)(4) argument. *See Premier Comp Sols., LLC*, 970 F.3d at 319 (concluding district court did not abuse discretion where it found movant waived Rule 16(b)(4) argument by only addressing the good cause standard in reply). Nonetheless, for the reasons set forth below, the Court finds that Defendants were diligent in bringing their indemnification claim and satisfy the good cause standard.

Court's responsibility to figure out what joinder rule Defendants intended to apply here and whether that rule is satisfied—let alone that they had good cause for the delay.

Moreover, Defendants seek to bring a counterclaim against individuals who are ***not*** named as parties to the litigation. That is improper. Defendants cannot bring a counterclaim against nonparties.[3] *See* FED. R. CIV. P. 13 (discussing claims against opposing ***party***).

Because Defendants did not show good cause for their delay, Defendants may not join Elash, Winterborne, McHenry, and Maurer as parties.

### 2.   Count I: Breach of Representation and Warranty

Defendants also have not established good cause for their delay in bringing their breach of representation and warranty claim. Defendants knew that Plaintiff allegedly breached the Agreement since 2024 or earlier. *See* Mot. for Leave, at Ex. A ¶ 30. That makes them presumptively not diligent. *See Shrieves*, 2020 WL 7240450, at *5. Moreover, they offered nothing to rebut this presumption—not even when the Court specifically advised the Parties that it was "particularly interested in whether the statute of limitations has run as to Count I."[4]

The Court did not make this request to create busy work. Rather, the Court had questions, particularly for Defendants: Does Pennsylvania recognize a cause of action for "breach of representation and warranty"? If not, how should the Court have interpreted this cause of action? Should it have been a simple breach of contract action, as the Court interpreted it to be, or

---

[3] Defendants continue to paint these individuals as parties to the litigation, but they are not. Plaintiff identified them, along with ten other individuals, in the Complaint, but that does not make them a party for counterclaim purposes.

[4] The Court recognizes that it did not order briefing, so these briefs were technically optional. Nonetheless, the Parties should have recognized the Court's request as a sign that briefing would have been helpful to the Court. Neither party took advantage of this opportunity to persuade the Court.

something else? What is the governing statute of limitations for the applicable cause of action under Pennsylvania law? When did the statute begin to run? Does Pennsylvania's discovery rule apply in this scenario? Did the applicable statute of limitations run?

These questions went unanswered. While Defendants discussed the issue of indemnification at length, they did not address breach of representation and warranty, which is a discrete claim. *See Cement Masons' Union Loc. No. 592 Pension Fund v. Fletcher*, No. 99-6132, 2000 WL 1899947, at *3 (E.D. Pa. Dec. 29, 2000) (explaining indemnity is separate claim). At minimum, Defendants should have taken the Court's briefing request as a warning that the breach of representation and warranty claim was at risk.

As the Court sees it, Defendants waited more than four years after the alleged breach,[5] more than two years of learning of the tax credit issue, more than one year after learning of the breach, nearly seven months after filing their Answer, and about five months after the deadline set forth in the Scheduling Order. It also appears that the claim is time barred.[6]

Defendants bore the burden of establishing good cause for this delay. Collectively, Defendants' conduct—or lack thereof—demonstrates that Defendants have not shown good cause.

---

[5] The breach appears to have occurred at the time of contract formation, which was September 1, 2021. *See* Mot. for Leave, at Ex. A ¶¶ 42, 44-45 (alleging Plaintiff/Counterclaim Defendant made "certain representations and warranties concerning Enginuity's tax matters," "those representations were false when made," and they "constitute a material breach" of the Agreement).

[6] Defendants' counterclaim appears to plead a breach of contract action, which has a four-year statute of limitations. *See* 42 Pa. C.S. § 5525. A breach of contract claim would be time barred, and that is a proper basis of denying leave under Rule 16(b)(4). *See* 3 MOORE'S FED. PRAC. - CIV. § 16.13 (2026)(1)(a) (explaining futility is also a proper basis of denying leave to amend under Rule 16(b)(4) because "good cause for leave to amend cannot be shown when there is no legal basis to support the amendment"). But to be clear, the Court is not basing its finding that Defendants did not establish good cause on the statute of limitations. It is based on "all relevant circumstances," as discussed above. *See id.*

### 3. Count II: Contractual Indemnification

In contrast, Defendants have demonstrated that they were sufficiently diligent in bringing their indemnification claim. Under Pennsylvania law, indemnification claims do not become ripe until "after the party seeking the indemnification pays the claim." *See MB & R Piping Contractors, Inc. v. Borough of E. Brady*, No. 78 C.D. 2016, 2017 WL 113960, at \*4 (Pa. Commw. Ct. Jan. 12, 2017) (citing *Chester Carriers, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 767 A.2d 555, 563 (Pa. Super. 2001))). Defendants allege that they knew about this tax credit issue since 2023, but the IRS did not issue its final determination until January 2026. *See* Mot. for Leave, at Ex. A ¶¶ 26-32. Defendants delivered a final written demand to Plaintiff on February 18, 2026, and filed this Motion days after Plaintiff rejected that demand. *See* Defs.' Supplemental Br., at 4 (ECF No. 39). Defendants advising the Court during the Rule 16 conference that it might be filing a counterclaim for indemnification further supports that they had good cause.[7] Considering all of the circumstances, Defendants have shown good cause for amending the Scheduling Order for the indemnification claim.

### b. Rule 15(a)(2) and the *Foman* Factors

In addition to showing good cause, Rule 15(a)(2) must also be satisfied. The burden is on Plaintiff to show that leave should not be granted. *See White*, 2021 WL 2255981, at \*6; *Ogelsby*, 2021 WL 2935987, at \*3. Plaintiff argues that Defendants' delay in bringing their indemnification

---

[7] The Court does not recall this conversation, but counsel for Defendants maintains that he gave the Court notice of this claim. Plaintiff's counsel did not contest this assertion. Accordingly, the Court is relying on the candor of defense counsel.

claim constitutes an "undue delay," amendment would be futile, and amendment would prejudice Plaintiff.[8] The Court is not persuaded.

### 1. Undue Delay, Bad Faith or Dilatory Motive

"The 'undue delay' factor recognizes that a gap between when amendment becomes possible and when it is actually sought can, in certain circumstances, be grounds to deny leave to amend." *Mullin*, 875 F.3d at 151. "While simple delay cannot justify denying leave to amend by itself, delay that is 'undue'—a delay that is protracted and unjustified—can place a burden on the court or counterparty, or can indicate a lack of diligence sufficient to justify a discretionary denial of leave." *Id.* (citations omitted). The Court "focus[es] on the movant's reasons for not amending sooner while bearing in mind the liberal pleading philosophy of the federal rules." *Id.* (citation modified).

Plaintiff claims that Defendants knew of the tax credit issue since September 2023, yet they waited until "virtually the close of discovery" to amend. *See* Pl.'s Opp'n Br., at 9. In response, Defendants contend that they did not amend their Answer sooner because the indemnification claim did not become ripe until January 2026. *See* Defs.' Supplemental Br., at 3.

Using Defendants' January 2026 date, Defendants delayed seeking leave to amend for more than a month, but that delay does not rise to the level of "undue." That is especially so when Defendants sent Plaintiff a demand on February 18, 2026 and filed about a week after Plaintiff rejected Defendants' demand. *See id.* at 4.

---

[8] Plaintiff also discusses the *Foman* factors with respect to the breach of representation and warranty claim. Because the Court already found that Defendants did not show good cause, the Court will not address those arguments.

### 2. Futility

"Leave to amend is futile if the complaint, as amended, would fail to state a claim upon which relief could be granted." *Montanez v. Price*, 154 F.4th 127, 152 (3d Cir. 2025) (citation modified). Accordingly, the "Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)."[9] *White*, 2021 WL 2255981, at *6 (citing *Holst v. Oxman*, 290 F. App'x 508, 510 (3d Cir. 2008)); *see also Anderson v. City of Phila.*, 65 F. App'x 800, 801 (3d Cir. 2003) (same). Plaintiff's argument is twofold: Defendants' indemnification claim is time barred, and Defendants cannot establish damages. The Court disagrees on both counts.

First take time barred. Plaintiff claims that Ainsworth had to provide notice of the indemnification claim by September 1, 2023, pursuant to the terms of the Agreement. Plaintiff is incorrect because, as Defendants repeatedly asserted, a breach of Section 4.16 of the Agreement is a breach of a fundamental representation. *See* Compl. Ex. A, § 10.1 (identifying Section 4.16 (Tax Matters) as "Fundamental Representations"); *id.* § 7.1 ("[N]o Party shall be entitled to recover for any Loss pursuant to Section 7.2(a)(i) or Section 7.2(c)(i) [indemnification] unless notice of a claim thereof is provided to the other Party no later than the Applicable Limitation Date. . . . Fundamental Representations shall survive until the expiration of the statute of

---

[9] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Although the plausibility standard does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotations and citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). A court is "not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Wheeler v. Wheeler*, 639 F. App'x 147, 149 (3d Cir. 2016) (quoting *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013)).

limitations applicable to the subject matter of such representation and warranty."). Accordingly, Pennsylvania's statute of limitations for indemnification claims applies.

Plaintiff claims that the statute has run because Defendants failed to bring their indemnification claim within four years of the alleged breaches. That misinterprets when a claim for indemnification accrues. Under Pennsylvania law, the "right to seek recovery of indemnification amounts does not accrue until after the party seeking the indemnification pays the claim." *See MB & R Piping Contractors, Inc.*, 2017 WL 113960, at \*4 (citing *Chester Carriers, Inc.*, 767 A.2d at 563). It is unclear when the statute of limitations would have begun to run, so the Court declines to find it is time barred at this juncture.[10]

Plaintiff also argues that Defendants did not suffer any damages. *See* Mot. for Leave, at 12-13. Specifically, Plaintiff asserts that Defendants receiving $388,870 in tax credits, as opposed to $648,116, is not a loss that must be indemnified under the Agreement. *See id.* at 11-13. Defendants maintain that they did suffer a loss in that they "acquired a company whose tax position was materially worse than represented at the time of acquisition." *See* Defs.' Supplemental Br., at 7-9. At this stage, the Court declines to find that Defendants' indemnification claim is futile on these grounds.

---

[10] Although the statute of limitations argument is typically an affirmative defense, *see* FED. R. CIV. P. 8(c)(1), the Third Circuit recognizes that it can be raised in a Rule 12(b)(6) motion "if the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." *Kissell v. Pa. Off. of Budget Legal Off.*, No. 24-2254, 2025 WL 1367817, at \*3 (3d Cir. May 12, 2025) (quoting *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014)). Here, that would be four years. *See Nwoga v. Cmty. Council For Mental Health & Retardation, Inc.*, No. 12-5393, 2013 WL 705917, at \*8 (E.D. Pa. Feb. 27, 2013) (citing 42 Pa. C.S. § 5525) (explaining indemnity action in Pennsylvania has four-year statute of limitations). It is not clear when Defendants "paid the claim."

### 3.  Prejudice to the Opposing Party

"[P]rejudice to the non-moving party is the touchstone for the denial of an amendment." *Mullin*, 875 F.3d at 149-50 (quoting *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006)). Courts have denied motions for leave to amend where the new claim would "fundamentally alter[ ] the proceeding and could have been asserted earlier." *Spartan Concrete Prods., LLC v. Argos USVI, Corp.*, 929 F.3d 107, 116 (3d Cir. 2019) (citation modified) (quoting *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 274 (3d Cir. 2001)).

Plaintiff argues that they will be prejudiced by not having enough time to conduct discovery. However, the Parties had a discovery dispute while this Motion has been pending. The Parties have since met and conferred, and Plaintiff has advised that "all deadlines (including expert reports, fact discovery, and the trial) must necessarily be continued to permit Plaintiff to receive full responses to his discovery requests and complete discovery." *See* Letter from Paul F. Troisi, to Judge John M. Gallagher, at 3 (Mar. 27, 2026) (ECF No. 40). The Court has granted this extension request and afforded Plaintiff 48 days additional days to complete discovery. And though the scope of discovery would expand slightly to include the tax credit issue, it still pertains to the same Agreement at issue here. Accordingly, Plaintiff would not be prejudiced by allowing Defendants to amend their Answer.

### 4.  Judicial Economy/Burden on the Court

Judicial economy, including judicial efficiency and effective case management, "is an equitable consideration that can be considered in deciding whether amendment should be allowed." *Mullin*, 875 F.3d at 157. "It is uncommonly a factor that stands entirely alone, separate

and apart from prejudice and factors relevant to whether a delay was 'undue.'" *Id.* (citation omitted).

Though Plaintiff did not address judicial economy, this factor supports granting leave to amend. The Court has already extended all deadlines. The Court has afforded the Parties ample time to complete discovery for the existing litigation and this indemnification claim. Additionally, if the Court denied this Motion, Defendants would simply file a separate indemnification action. Having two separate actions would be a greater strain on judicial resources than allowing Defendants to amend their Answer. That is especially so where parties, like the Parties here, have frequent discovery disputes and deadline extension requests. Allowing Defendants to amend would lead to the most effective case management and use of limited judicial resources.

## V.    CONCLUSION

For the foregoing reasons, Defendants' Motion is **GRANTED in part**. An appropriate Order follows.

BY THE COURT:


 */s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge